

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-77,010

### EX PARTE MARLIN ENOS NELSON

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 483164-B IN THE 178TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per Curiam*.

## O P I N I O N

On August 10, 1988, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Nelson v. State*, 848 S.W.2d 126 (Tex. Crim. App. 1992). On October 13, 1998, applicant filed his initial application for a writ of habeas corpus pursuant to Article 11.071. We denied relief. *Ex parte Nelson*, No. WR-53,148-01 (Tex. Crim. App. Sept. 11, 2002). Applicant filed second application for writ of

habeas corpus pursuant to Article 11.071 on September 20, 2001. We dismissed the second application as subsequent. *Ex parte Nelson*, No. WR-53,148-02 (Tex. Crim. App. Sept. 11, 2002).

In a single allegation in this subsequent application, applicant alleged that he is entitled to relief from his death sentence because he presented significant mitigating evidence related to his moral culpability and the appropriateness of a death sentence that could not have been given full effect by the sentencing jury. *See Penry v. Lynaugh*, 492 U.S. 302 (1989); *Penry v. Johnson*, 532 U.S. 782 (2001). In an order dated June 16, 2010, this Court remanded the application to the habeas court for consideration of the merits of applicant's claim. *Ex parte Nelson*, No. WR-53,148-03 (Tex. Crim. App., June 16, 2010). The habeas court subsequently entered findings of fact and conclusions of law.

Reviewing the case after remand, the record shows that the mitigating evidence presented by applicant is the sort of evidence that the United States Supreme Court has said is not encompassed within the previous statutory special issues. *See Abdul-Kabir v. Quarterman*, 550 U.S. 233 (2007); *Brewer v. Quarterman*, 550 U.S. 286 (2007); *Smith v. Texas*, 550 U.S. 297 (2007). Applicant presented mitigating evidence at the punishment phase of trial tending to establish that during his childhood, applicant was subjected to violence, sexual abuse, poverty, and deprivation, which resulted in problems with impulse control and the excessive use of drugs and alcohol.

The habeas court concluded that the former statutory special issues did not provide applicant's jury with an adequate mechanism for exercising its reasoned moral judgment concerning whether applicant's mitigating evidence warranted the imposition of a life sentence rather than the penalty of death. Based on the forgoing, the habeas court recommended that this Court vacate the punishment portion of the trial court's judgment and remand the case for a new punishment hearing.

This Court has reviewed the record with respect to the allegation made by applicant. Based on the habeas court's findings and conclusions and our own review relief is granted. We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing.

Delivered: March 27, 2013

Do Not Publish